## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**EDGAR GIBSON**                                                                             **PLAINTIFF**

**v.**                                                                        **CAUSE NO.** 4:19cv184-DMB-JMV

**CITY OF GREENWOOD**                                                     **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW THE PLAINTIFF, Edgar Gibson, and files this complaint to recover damages and other appropriate legal recovery under 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938," (FLSA) for violations committed under such by the defendant and in support would show unto the Court the following, to wit:

### PARTIES

1. The plaintiff, Edgar Gibson, is an adult resident of Leflore County, Mississippi, who is employed as a Greenwood Police Officer.

2. The defendant, City of Greenwood, is an incorporated city within the state of Mississippi, a political subdivision thereof. It may be properly served by service of a copy of the complaint and a summons upon its mayor or city clerk.

### JURISIDCTION AND VENUE

3. This Honorable Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue before this Court is also proper commensurate with 29 U.S.C. § 216(b) in that the defendant sits within the Greenville Division of the United States District Court of the Northern District of Mississippi.

**STATEMENT OF THE FACTS**

*Parties*

5. The plaintiff is currently a sworn police officer employed by the City of Greenwood Police Department and has been for more than ten (10) years, and is an employee as defined by 29 U.S.C § 203(e).

6. The plaintiff is authorized by state law to enforce laws designed to maintain peace and order, protect life and property, prevent and detect crimes, has the power to arrest, and has undergone training in law enforcement.

7. The plaintiff is and for several years has been assigned to and performed the duties of a patrol officer and detective.

8. The plaintiff is not and has not been a supervisor, is not and has not been a policy maker, nor is he free to decide how to perform the duties of his office.

9. The plaintiff is a non-exempt employee under the FLSA and the Code of Federal Regulations, making hourly pay and overtime compensation applicable to him.

10. The defendant is a public agency pursuant to 29 U.S.C. § 203(d), making it subject to the provisions of the FLSA.

*Uncompensated Travel Driving and Prisoner Escort Time*

11. The plaintiff and others similarly situated were required to travel away from the City of Greenwood on various assignments, such as to training events in other cities and states, to transport prisoners to and from the City of Greenwood to other cities and states, to conferences in other cities and states, etc.

12. Much of this travel was by automobile where the plaintiff was required to drive or accompany a prisoner transport. Such travel time is integral and indispensable to a

principal activity and is itself a principal activity under the Portal-to-Portal Act, and is thus compensable to the plaintiff.

13. The plaintiff and others similarly situated were not paid or compensated for such travel time, in clear violation of the FLSA. The number of training events and transports is believed to be over twenty (20); times for which most would be well over an hour, one-way. The actual number is expected to be ascertainable by examining time records the defendant should possess pursuant to 29 C.F.R. § 516.1.

*Under and Uncompensated Call-Back Pay*

14. The plaintiff and others similarly situated were unduly restricted by being assigned times to be on "call" to the degree their freedoms were curtailed. The plaintiff was assigned to be on "call" multiple nights and weekends of which the actual number will be determined, but it believed to be over one hundred (100) nights. Such "on call" time prevented the plaintiff from freely traveling to places he wished to go and from participating in activities of which he wished to participate, without just compensation.

15. The plaintiff and others similarly situated were improperly compensated, if at all, for responding to call-backs while on call. The plaintiff was also summoned back to work while on call numerous times to investigate crime scenes and deal with criminal investigations. Additionally, the plaintiff was forced to answer and make job-related phone calls to "on-duty" police personnel while on this call time for which he was not compensated. The plaintiff estimates in good faith that there were some forty (40) plus callbacks and as many phone calls for which compensation was not accurately provided, if at all.

*Improperly Calculated Overtime*

16. The City of Greenville has not properly set up a "7(k)" system pursuant to 29 U.S.C. § 207(k) which allows an employer to only pay police officers one and one half time hourly pay after 171 hours in a period of twenty-eight (28) days. As such, the plaintiff was subject to overtime pay for any hour(s) worked beyond forty (40) in a seven-day period. The amount of overtime pay owed is yet to be determined.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA AND PORTAL TO PORTAL ACT

17. As previously stated, the plaintiff is and has been employed as a non-exempt employee pursuant to the FLSA, and as such must be compensated for all hours worked and must be compensated at one and one-half times his hourly rate for overtime.

18. Again, the City of Greenville is an employer that engages in interstate commerce and for this and other reasons must pay non-exempt employees hourly wages and FLSA overtime for all times worked over the minimum allowed by law.

19. The time traveling to job-related events is compensable under the FLSA, and the City of Greenville violated the law by failing to pay the plaintiff for such travel time.

20. Without a properly instituted "7(k)" system, all hours worked by non-exempt personnel in excess of forty (40) in a week, such as were worked by the plaintiff, were due to be compensated at one and one-half times their normal hourly rate.

21. The FLSA allows the plaintiff to seek remedy in the United States District Court for these wrongs.

**PRAYER FOR RELIEF**

22. WHEREFORE PREMISES CONSIDERED, the plaintiff respectfully prays that upon a trial of this matter he be granted the following relief as required by the FLSA, and yet to be determined:

   a. Compensation for unpaid time, overtime, and on-call time due;

   b. An additional equivalent amount of compensation as liquidated damages;

   c. Attorney Fees;

   d. Costs and Expenses;

   e. For what other relief the plaintiff may be due if not for specifically pled.

   RESPECTFULLY SUBMITTED, this the 17th day of December, 2019,

                                        **Edgar Gibson**

                           By:    *s/ Francis S. Springer*
                                    His Attorney

Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
213 S. Lamar Street
Jackson, MS 39201
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com