IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EDGAR GIBSON and BYRON GRANDERSON**                    **PLAINTIFFS**

**VS.**                                      **CIVIL ACTION NO. 4:19cv00184-DMB-JMV**

**CITY OF GREENWOOD**                                   **DEFENDANT**

**ORDER**

Plaintiff Edgar Gibson initiated this FLSA action by filing the original complaint [1] on December 17, 2019. The Clerk issued a summons [2] as to Defendant the same day. Plaintiff Gibson filed proof of service of process on March 5, 2020. *See* Dckt. Entry [4]. Then, on March 31, the Clerk entered a notice [5] indicating Defendant's answer to the complaint was past due. The same day, Plaintiff Gibson filed a motion [6] requesting the Clerk to enter Defendant's default on the record. The Clerk's Entry of Default [7] was filed on April 1. On April 6, however, an amended complaint adding Byron Granderson as a party-plaintiff was filed; and, the next day, Plaintiff filed a second amended complaint. Those filings were stricken by the Court as improper by Order [12] dated May 6. The next day, however, Plaintiff Gibson filed a motion [13] for leave to file an amended complaint, which motion was granted by Text Order dated May 8. The same day, an amended complaint [14] that added Byron Granderson as a party-plaintiff was filed.

On June 8, the Clerk entered a notice [15] that advised Plaintiffs as follows:

**PLEASE TAKE NOTICE** that the following party(ies) are in default and Entry of Default should be requested pursuant to Rule 55 of the Federal Rules of Civil Procedure:
                       City of Greenwood

> **Failure to request Entry of Default may result in a party of case being dismissed without prejudice for failure to prosecute.**

The same day, Plaintiffs filed the instant motion [16] requesting that the Clerk "enter default against the defendant, City of Greenwood, Mississippi . . . as provided by Rule 55(a) of the Federal Rules of Civil Procedure, on the basis that the record . . . demonstrates that there has been no answer or other pleading filed by the defendant." After the Clerk's prompting, *see* Clerk's Notice of Correction dated 6/9/20, Plaintiffs' counsel filed his affidavit [17] in support of the request for entry of default. In the affidavit counsel averred as follows:

> I, Francis S. Springer, declare under penalty of perjury that I am the attorney for the Plaintiff in this action. A Complaint was filed herein on December 17, 2019. Service of process was had on the City of Greenwood, through its City Clerk, Hon. Kim Williams, on March 5, 2020. An amended complaint was filed on May 8, 2020. More than twenty-one (21) days has elapsed since the above-named Defendant was served and the amended complaint was filed, and this Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

Despite the averments of the affidavit, the certificate of service on the amended complaint simply reads:

> **CERTIFICATE OF SERVICE**
>
> I, Francis S. Springer, Counsel for Plaintiffs, do hereby certify that I have this date uploaded a copy of the foregoing to the Court's Electronic Case Management System which notifies all attorneys of record.
>
> This the 8th day of May, 2020,
>
> s/ Francis S. Springer

Rule 55(a) requires that service of the operative complaint be demonstrated before a default may be entered by the Clerk. Here, while service of the original complaint may have been completed on March 5, 2020—per counsel's affidavit—there is no record that the amended complaint, filed May 8, was ever properly served upon Defendant. *Cf. Darnell v. Jimenez*, No. 1:16cv30-HSO-JCG, 2016 WL 6072407, at *3 (S.D. Miss. Oct. 17, 2016) (finding time limit for answering the complaint had not yet expired and setting aside Clerk's Entry of Default against defendants who had not been properly served). Indeed, to the extent Plaintiffs are relying on purported ECF notification of the amended complaint, it does not help them in this instance where Defendant has never appeared in this action. Accordingly, the instant motion is **DENIED**.

This, the 12th day of June, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE