IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EDGAR GIBSON AND BYRON GRANDERSON**                        **PLAINTIFFS**

**VS.**                                                                     **CIVIL ACTION NO.: 4:19-cv-184-DMB-JMV**

**CITY OF GREENWOOD**                                                                            **DEFENDANT**

**ORDER**

This matter is before the court on Defendant's motion to withdraw admissions or amend admissions deemed admitted [58], filed on December 28, 2021. On December 29, 2021, Plaintiffs filed a response in opposition [59]. For the reasons discussed below, Defendant's motion is denied.

**A. Facts and Procedural History**

Plaintiffs filed their complaint [1] on December 17, 2019. An amended complaint [14] was filed thereafter on May 8, 2020. A summons was issued to the City of Greenwood and was returned executed [20] on July 20, 2020. On August 12, 2020, Plaintiffs filed a motion for entry of default [22], and the clerk entered default on August 13, 2020 [23]. On September 2, 2020, Defendant filed its answer and affirmative defenses [24].

The case management conference in this case was held on October 20, 2020 [26], and the case management order [27] was issued on that same day. In said order, the Court set the discovery deadline as April 16, 2021.

On February 16, 2021, Plaintiffs filed a notice of service of discovery requests upon Defendant, including service of interrogatories, requests for production, and requests for admissions. [37].

The record indicates that the requests for admissions propounded by each plaintiff, who are similarly situated in this litigation, were as follows:

a. Please admit you have failed to pay all overtime due to (Plaintiffs) over the last three years.

b. Please admit you have failed to properly institute a "7(k)" exception to the FLSA provided by 29 U.X.C. § 207(k).

c. Please admit that the City of Greenwood owes (Plaintiffs) remuneration for unpaid overtime.

d. Please admit that (Plaintiffs') job required him to be on call where he could not perform certain functions freely, such as consume alcohol or travel away from Greenwood.

e. Please admit that Edgar Gibson was prohibited from participating in unrestricted activities while being required to respond to calls after his regularly scheduled work hours.

f. Please admit that Byron Granderson was prohibited from participating in free activities while being required to respond to calls after hours.

g. Please admit that (Plaintiffs) [were] not paid for compensable time during travel away from Greenwood on department business.

h. Please admit that (Plaintiffs) were not paid for travel time escorting prisoners to and/or from the City of Greenwood for the Greenwood Police Department.

i. Please admit that (Plaintiffs) [were] frequently contacted by on-duty City of Greenwood personnel for job-related matters many times after his regularly scheduled work yours over the past three years.

j. Please admit that (Plaintiffs) [are] non-exempt employee[s] with respect to the FLSA.

Defendant did not seek an extension of time in which to respond to the requests for admissions from the Court.

On April 9, 2021, Plaintiffs filed an unopposed motion for extension of time [38] in which they sought a thirty-day extension of the discovery deadline. On April 12, 2021, the Court entered an order [39] extending the discovery deadline to May 17, 2021. Although no notice of service

was filed on the docket, the facts indicate that the Defendant responded in an untimely manner to the Plaintiffs' requests for admissions on or about May 13, 2021. Defendant did not request leave to take this out-of-time action.

On July 16, 2021, Plaintiffs filed a motion for summary judgment [42] and memorandum in support [43], relying heavily upon Defendant's admissions. No response to the motion was timely filed by Defendant. Then, on December 13, 2021, the Honorable District Judge Debra M. Brown entered an order to show cause [51], noting Defendant's failure to file a response to the summary judgment motion or notify the Court of its intent not to respond pursuant to Local Rule 7(b)(3)(A).

On December 20, 2021, Defendant filed an untimely response to the Plaintiffs' motion for summary judgment without seeking leave to do so, and the response was stricken by the Court pursuant to its December 22, 2021, order [56]. Then, on December 28, 2021, Defendant filed its response [57] to the Court's show cause order. In the response, Defendant states that it was "admittedly late" in answering Plaintiffs' discovery and in responding to the motion for summary judgment. [57] at 1. Defendant's counsel cited to his staff member's Covid-19 illness and his father's 2020 death as reasons for the delay.

On that same date, Defendant filed the instant motion to withdraw admissions [58]. Defendant argues that the reason for its tardiness includes having to contact multiple police chiefs in order to adequately respond to the requests for admissions. Defendant's counsel also submits that he was in contact with counsel for Plaintiffs, but admittedly, failed to request additional time in which to respond. [58] at 2.

On December 29, 2021, Plaintiffs filed their response [59] to Defendant's motion to withdraw admissions. Plaintiffs detail the case history and the Defendant's pattern and practice of

3

delay throughout this case. Plaintiffs also presented an e-mail chain with Defendant's counsel evidencing Plaintiffs' counsel's attempts to resolve the delay numerous times. While Plaintiffs recited their sympathy for defense counsel's loss of his father, they reference the late Mr. Brock's obituary, which provides that he passed away on December 31, 2019. Thus, Mr. Brock's unfortunate passing was days after the lawsuit was filed, far before the case management order [27] was entered setting deadlines in the case, and well over a year before any discovery responses were due to the Plaintiffs.

### B. Federal Rule of Civil Procedure 36

Pursuant to Fed. R. Civ. P. 36(a)(3):

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3).

Furthermore, it provides that:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Pursuant to Rule 36(a)(3), when a party fails to serve a response by the due date, every matter subject to a request for admission is deemed admitted. *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, at *1 (N.D. Miss. Aug. 8, 2012).

> In detailing the purpose of Rule 36 admissions, this Court has previously reasoned that:
>
> Requests for admissions serve two functions in discovery. One function allows discovery of the opposing party's contentions. Unique among the tools for discovery is its second function—conclusively removing issues from the case for discovery and trial purposes. *See* Adv. Comm. Note to 1970 amendment to Rule 36 of the federal rules of civil procedure. By providing a pretrial device for winnowing

4

> issues from the case, time and resources may be directed to disputed matters. Rule 36 is also unique in that it provides its own enforcement mechanism, and the rule is self-executing. If there is no timely response or objection, the matter is admitted. The result can be severe, but the rule can serve its intended function only if there is a high degree of certainty that an issue eliminated by admission, express or default, will not become a contested issue later in the litigation. *American Auto Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir. 1991).

*Casey*, 2012 WL 3261367, at *3 (N.D. Miss. Aug. 8, 2012).

The party seeking to withdraw its admissions bears the burden of proof as to the first element contained within Rule 36—that is, showing how withdrawal of the admissions promotes a presentation on the merits. *Id.* at *3. The party who propounded the requests for admissions then bears the burden of proof as to the second element—showing prejudice if the admissions are withdrawn. *Curtis v. State Farm Lloyds,* 2004 WL 1621700 (S.D. Tex. Apr. 29, 2004).

It is not enough to show that the admissions will preclude any presentation of the cause on the merits. *Casey*, 2012 WL 3261367, at *3 (N.D. Miss. Aug. 8, 2012). "Other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or through an honest error a party has made an improvident admission.'" *Id.*; *La. Rehab Center Inc. v. United States,* 179 F.Supp.2d 658, 663 (W.D. La. 2002) (quoting *Ropfogel v. United States,* 138 F.R.D. 579, 583 (D. Kan. 1981)). In exercising its discretion, the court may consider the fault of the party seeking withdrawal. *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390, 1394 (5th Cir. 1969).

**1. Presentation on the Merits**

There are no affidavits or copies of discovery responses attached to Defendant's motion. Further, Defendant did not include the responses to the requests for admissions, does not mention specifically any one of the admissions, nor does it address how these admissions impact its ability to proceed to trial on the merits.

5

Even assuming the Defendant will be deprived of a trial 'on the merits' if all admissions are allowed to stand, it does not follow that it has made the showing required by Rule 36(b). It must show that there is a meritorious claim that will be served by withdrawal of the admissions and by trial. Instead, the Defendant's motion is a recitation of the applicable rule and a discussion of the burden of obtaining information from different individuals in order to be able to adequately respond to the requests for admissions. Importantly, the Defendant's response fails to present a factual basis for finding a meritorious claim to be served by withdrawal of admissions and trial.

The Defendant has failed to show that allowing a withdrawal of the admissions will promote a presentation on the merits and thus, has failed to meet the first requirement of Rule 36(b).

    2.    **Prejudice**

Here, the Plaintiffs bear the burden of demonstrating to the court the second element provided by Rule 36(b), that they would be prejudiced if the court allows Defendant to withdraw its admissions. Prejudice relates to special difficulties that may be presented by the sudden withdrawal of admissions. *American Auto Ass'n. v. AAA Legal Clinic,* 930 F.2d 1117 (5th Cir. 1991). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Casey*, 2012 WL 3261367, at *5 (N.D. Miss. Aug. 8, 2012), citing *Branch Banking and Trust Co. v. Deutz–Allis Corp.,* 120 F.R.D. 655, 660 (E.D.N.C. 1988).

In the instant case, the Plaintiffs have acted reasonably in reliance on the admissions. The discovery deadline expired on May 17, 2021. As detailed above, Plaintiffs filed a motion for summary judgment [42] on July 16, 2021, the deadline for dispositive motion filings in the case.

Defendant did not file a response to the Plaintiffs' motion for summary judgment. In fact, there was no action taken by Defendant for over five (5) months until an order to show cause [51] was entered.

Had the Defendant timely responded to the Plaintiffs' requests for admissions and other discovery, sufficient time to conduct needed discovery would have been available. Now, however, because of delays caused by the Defendant, time has run out. Moreover, the court is not obliged or inclined to grant additional time for discovery to the detriment of the Plaintiffs and the court where the Defendant has failed to cooperate in discovery, failed to pursue discovery, and breached multiple rules of this court. *See Casey*, 2012 WL 3261367, at *5 (N.D. Miss. Aug. 8, 2012).

It bears mentioning that in its response [57] to the Court's show cause order, Defendant attempts to establish good cause and excusable neglect for failing to timely respond to Plaintiffs' discovery requests. While defense counsel's staff member's Covid-19 illness occurred several months after the requests for admissions were due, counsel also cites to his father's passing as a reason for his delay in responding [57]. However, according to the Plaintiffs' reply [59], defense counsel's father passed away on December 31, 2019. While the Court has the utmost sympathy for counsel's loss, the loss occurred well over a year before the responses to Plaintiffs' requests for admissions were due.

### C. Conclusion

"In the end, the decision to allow a party to withdraw its admission is an equitable one, balancing the right to a full trial on the merits, including the presentation of *all* relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute. While the court must give weight to the importance of trial on the

merits, courts are nevertheless cautious in permitting withdrawal or amendment of admissions." *Id.* at *6.

In this case, equity strongly favors the Plaintiffs and disfavors the Defendant. The court recognizes the result may be harsh, but "the failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." *In re Carney,* 258 F.3d 415, 421 (5th Cir. 2001).

Accordingly, **IT IS ORDERED** that the Defendant's motion to withdraw admissions or amend admissions deemed admitted [58] is hereby denied.

**SO ORDERED** this, the 19th day of January, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

8