IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EDGAR GIBSON and**     **PLAINTIFFS**
**BYRON GRANDERSON**

**V.**     **NO. 4:19-CV-184-DMB-JMV**

**CITY OF GREENWOOD**     **DEFENDANT**

**OPINION AND ORDER**

Edgar Gibson and Byron Granderson sued the City of Greenwood under both the Fair Labor Standards Act and the Portal to Portal Act for alleged unpaid overtime and unpaid hours of work. The plaintiffs have moved for summary judgment in reliance on facts deemed admitted by the City due to the City's failure to respond to requests for admission. Because, even considering the admitted facts, the plaintiffs have not established all elements of their claims, summary judgment will be denied without prejudice.

**I**
**Procedural History**

On December 17, 2019, Edgar Gibson filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Greenwood alleging violations of the Fair Labor Standards Act ("FLSA") and the "Portal to Portal Act." Doc. #1. With the Court's leave, an amended complaint[1] was filed on May 8, 2020, adding Byron Granderson as a plaintiff. Doc. #14. A summons to the City was returned as executed on July 20, 2020. Doc. #20. On the plaintiffs' motion, the Clerk of Court entered a default against the City on August 13, 2020.[2] Docs.

---

[1] Two prior amended complaints were filed on April 6 and April 7 without leave of the Court. *See* Docs. #8, #9. They were subsequently stricken by United States Magistrate Judge Jane M. Virden. Doc. #12.

[2] The docket does not reflect that the City ever moved to set aside the default.

#22, #23. The City answered the amended complaint on September 2, 2020. Doc. #24.

On July 16, 2021, the plaintiffs moved for summary judgment. Doc. #42. To date, the City has not responded to the summary judgment motion.

On November 12, 2021, the Court conferenced with the parties to inquire about the status of the case in light of the unanswered summary judgment motion. Doc. #50. Approximately one month later, the Court ordered the City to show cause why it failed to either respond to the summary judgment motion or notify the Court of its intent not to respond as required by Local Rule 7(b)(3)(A) "and, to the extent it intend[ed] to respond to the … motion, why it should be allowed leave to do so." Doc. #51. On December 20, 2021, the City responded to the show cause order, Doc. #52,[3] which the Court then struck for multiple violations of the Local Rules, Doc. #56. Six days later, the City refiled its response to the show cause order, Doc. #57, along with a motion to withdraw admissions, Doc. #58. Judge Virden denied the City's motion to withdraw admissions on January 19, 2022. Doc. #61.

## II
## Summary Judgment Standard

Summary judgment is proper when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion." *Houston v. Tex. Dep't of Ag.*. 17 F.4th 576, 581 (5th Cir. 2021). "A court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v.*

---

[3] The filing was incorrectly labeled as a response to the summary judgment motion in the docket text.

*Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020). Where, as here, "the movant also carries the burden of proof at trial, … his burden is even higher; he must establish beyond peradventure *all* of the essential elements of the claim" to warrant judgment in his favor. *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021).

### III
### Relevant Facts

The summary judgment evidence consists of only the plaintiffs' requests for admission[4] and the City's untimely responses.[5] *See* Docs. #42-1 to #42-4. Gibson's requests asked the City to admit the following:

> **Request No. 1**
> Please admit you have failed to pay all overtime due to Edgar Gibson over the last three years.
>
> **Request No. 2**
> Please admit you have failed to properly institute a "7(k)" exception to the FLSA provided by 29 U.S.C. § 207(k).
>
> **Request No. 3**
> Please admit that the City of Greenwood owes Edgar Gibson remuneration for unpaid overtime.
>
> **Request No. 4**
> Please admit that Edgar Gibson's job required him to be on call where he could not perform certain functions freely, such as consume alcohol or travel away from Greenwood.
>
> **Request No. 5**
> Please admit that Edgar Gibson was prohibited from participating in unrestricted activities while being required to respond to calls after his regularly scheduled work hours.

---

[4] The Court makes no finding as to the propriety of each admission. *See* Fed. R. Civ. P. 36(a)(1) (proper requests for admission concern facts, the application of law to fact, opinions about facts or the application of law to fact, or the genuineness of a described document).

[5] The City's responses to the requests for admission are dated May 13, 2021. Doc. #42-3 at PageID 114; Doc. #42-4 at PageID 117. There is no corresponding notice of service reflected on the docket as mandated by the Local Rules. *See* L.U. Civ. R. 5(d)(3) ("The party who served the discovery request or the response must … file a notice of service with the court.").

**Request No. 6**
Please admit that Edgar Gibson was not paid for compensable time during travel away from Greenwood on department business.

**Request No. 7**
Please admit that Edgar Gibson was not paid for travel time escorting prisoners to and/or from the City of Greenwood for the Greenwood Police Department.

**Request No. 8**
Please admit that Edgar Gibson was frequently contacted by on-duty City of Greenwood personnel for job-related matters many times after his regularly scheduled work hours over the past three years.

**Request No. 9**
Please admit that Edgar Gibson is a non-exempt employee with respect to the FLSA.

Doc. #42-1. And Granderson sought the following admissions:

**Request No. 1**
Please admit you have failed to pay all overtime due to Byron Granderson over the last three years.

**Request No. 2**
Please admit you have failed to properly institute a "7(k)" exception to the FLSA provided by 29 U.S.C. § 207(k).

**Request No. 3**
Please admit that the City of Greenwood owes Byron Granderson remuneration for unpaid overtime.

**Request No. 4**
Please admit that Byron Granderson's job required him to be on call where he could not perform certain functions freely, such as consume alcohol or travel away from Greenwood.

**Request No. 5**
Please admit that Byron Granderson was prohibited from participating in free activities while being required to respond to calls after hours.

**Request No. 6**
Please admit that Byron Granderson was not paid for hours of travel away from Greenwood on department business.

**Request No. 7**
Please admit that Byron Granderson was not paid for travel time escorting prisoners

to and/or from the City of Greenwood for the Greenwood Police Department.

**Request No. 8**
Please admit that Bryon [sic] Granderson was frequently contacted by on-duty City of Greenwood personnel for job-related matters many times after his regularly scheduled work hours over the past three years.

**Request No. 9**
Please admit that Byron Granderson is a non-exempt employee with respect to the FLSA.

Doc. #42-2.[6]

### IV
### Analysis

Because the plaintiffs' summary judgment motion asserts that "[t]he answer of whether the Defendant violated the Fair Labor Standards Acts with regard to each Plaintiff has been concluded" and prays that the Court "declare Summary Judgment against the Defendant on the merits of this case and set a hearing to determine damages and attorney's fees in accordance with law and rule," Doc. #42 at 3–4, the Court presumes the plaintiffs seek a summary judgment ruling on only the City's liability under the FLSA and not as to damages or other monetary relief demanded.

The FLSA requires employers to pay overtime to employees who work in excess of forty hours per week. 29 U.S.C. § 207(a)(1). If an employer violates the overtime compensation requirement, it is "liable to the employee or employees affected in the amount of their unpaid … overtime compensation, … and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

The plaintiffs' summary judgment motion wholly relies on the facts deemed admitted by the City due to the City's failure to timely respond to their requests for admissions. The plaintiffs

---

[6] The requests pertain to Granderson though they are titled "Plaintiff Edgar Gibson's First Set Requests for Admissions Propounded to Defendant." Doc. #42-2.

argue:

> The major points of contention are admittedly answered; that the Plaintiffs were required to be on duty engaged for call during times not scheduled to work; that the Plaintiffs were non-exempt employees, making the [sic] subject to FLSA overtime payment requirements; that the Defendant did not have a proper "7(k)" system in operation, 29 U.S.C. § 207(k), which if properly set up provides that law enforcement officers are due overtime pay after working 172 hours in a four-week period (thus making all hours worked over 40 in a week subject to overtime pay); that the Defendant failed to pay the Plaintiffs for these alleged violations.

Doc. #43 at 4.

To establish an FLSA violation regarding overtime, a plaintiff must prove four elements: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019). The employee's burden of proving an employer-employee relationship existed during the unpaid periods claimed "requires a showing that the employer had either actual or constructive knowledge that he was working overtime." *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009); *see Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) ("If the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.").

The City's factual admissions, as the only summary judgment evidence, do not prove every element of the plaintiffs' claims. There is no admitted fact or other evidence to establish an employer-employee relationship between the City and each plaintiff or to establish the City was aware each plaintiff worked overtime hours without compensation. While some of the admitted facts may infer an employer-employee relationship, inferences at the summary judgment stage are

6

resolved in favor of the nonmovant, not the movant. *Siplast, Inc. v. Emps. Mut. Cas. Co.*, 23 F.4th 486, 492 (5th Cir. 2022). And to the extent factual allegations on these subjects are set forth in the plaintiffs' amended complaint, "[a] court may not rely on mere factual allegations in an unverified complaint to make summary-judgment rulings." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 334 (5th Cir. 2020).

It is the plaintiffs' burden to "establish beyond peradventure *all* of the essential elements" of their claim. *Guzman*, 18 F.4th at 160. Here, the plaintiffs not only have failed to provide competent evidence supporting all of the elements of their claims but their memorandum brief cites scant authority and provides no legal analysis[7] as to the limited facts present in the summary judgment record.[8] Given the lack of factual support, legal authority, and analysis in the plaintiffs' summary judgment submissions, the plaintiffs have not shown they are entitled to judgment as a matter of law. Summary judgment will be denied.

## V
## Conclusion

The plaintiffs' summary judgment motion [42] is **DENIED without prejudice**. Within fourteen (14) days of the entry of this order, the plaintiffs may refile their motion for summary judgment and memorandum brief.

**SO ORDERED**, this 11th day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] The plaintiffs' memorandum makes no mention of the FLSA's overtime wage requirements or the Portal to Portal Act. *See* Doc. #43.

[8] This Court will not hesitate to deny a motion which "does not provide a memorandum of authorities in support of its Motion [and does] not cite any cases supporting its claim." *C.W.P. v. Brown*, 56 F. Supp. 3d 834, 839 (N.D. Miss. 2014). Though the plaintiffs filed a memorandum brief, it is lacking in substance on the points articulated above.