IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EDGAR GIBSON and**                                                                          **PLAINTIFFS**
**BYRON GRANDERSON**

**V.**                                                                                               **NO. 4:19-CV-184-DMB-JMV**

**CITY OF GREENWOOD**                                                      **DEFENDANT**

## ORDER

On June 6, 2022, the parties filed a stipulation purporting to dismiss with prejudice this FLSA case. Because the parties cannot stipulate to a dismissal settling FLSA claims without the approval of the district court or the Department of Labor, the stipulation is ineffective.

## I
## Procedural History

On December 17, 2019, Edgar Gibson filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Greenwood alleging violations of the Fair Labor Standards Act ("FLSA") and the "Portal to Portal Act." Doc. #1. With the Court's leave, an amended complaint[1] was filed on May 8, 2020, adding Byron Granderson as a plaintiff. Doc. #14. A summons to the City was returned as executed on July 20, 2020. Doc. #20. On the plaintiffs' motion, the Clerk of Court entered a default against the City on August 13, 2020.[2] Docs. #22, #23. The City answered the amended complaint on September 2, 2020. Doc. #24.

After the Court denied the plaintiffs' motion for summary judgment without prejudice,[3] the parties advised the Court by e-mail on May 23, 2022, that they had reached a settlement of all

---

[1] Two prior amended complaints were filed on April 6 and April 7 without leave of the Court. *See* Docs. #8, #9. They were subsequently stricken by United States Magistrate Judge Jane M. Virden. Doc. #12.

[2] The docket does not reflect that the City ever moved to set aside the default.

[3] Doc. #62.

claims. Two weeks later, the parties, pursuant to Federal Rule of Civil Procedure 41, filed a stipulation of dismissal with prejudice. Doc. #66. The stipulation purports to dismiss all claims against the City "with prejudice pursuant to the Release of Claims and Settlement Agreement." *Id.*

## II
## Analysis

The FLSA was enacted to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). "In light of the FLSA's recognition of the unequal bargaining power between employers and employees, the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162–63 (5th Cir. 2015) (citing *O'Neil*, 324 U.S. at 706–08). "Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id.* at 164–65 (collecting cases).

Although the cases cited above concern the issue of whether a private FLSA settlement is enforceable, in considering FLSA's underlying purpose, it has been held that "stipulated dismissals settling FLSA claims with prejudice pursuant to Rule 41(a)(1)(A)(ii) require the approval of either the district court or the DOL to take effect." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019). As such, a Rule 41 stipulation in a FLSA wages claim is subject to the same review as a FLSA settlement.

In reviewing FLSA settlements, courts, relying on the Eleventh Circuit's reasoning in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), generally require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over

FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g.*, *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted … from this general rule … unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F. Supp. 3d at 528. While *Martin* allows a court to enforce a settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private FLSA settlement is required." *Id*. at 528–29. Notwithstanding this difference of timing, "consistent with *Lynn's Food,* the *Martin* court, in essence, scrutinized the terms of the agreement at issue to ensure that they were fair and did not undermine the goals of the FLSA." *Id*. at 528.

Here, the parties reference in their stipulation a "Release of Claims and Settlement Agreement"[4] and represent that the claims in this case were resolved. But the parties have not submitted a copy of their settlement agreement or otherwise advised the Court of the terms of the resolution reached. In the absence of such, the Court is unable to determine whether there is a bona fide dispute or that the resolution reached reflects a fair and reasonable settlement of such a dispute. The stipulation, therefore, is ineffective and carries no weight with the Court.

Accordingly, within fourteen (14) days of this order, the parties shall (1) submit to chambers a copy of the relevant settlement documents and (2) if there is a bona fide dispute, show cause why the proposed resolution is fair and reasonable.

---

[4] *See* Doc. #66.

3

**SO ORDERED**, this 6th day of June, 2022.

                                                          **/s/Debra M. Brown**
                                                          **UNITED STATES DISTRICT JUDGE**