IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EDGAR GIBSON and**                                                        **PLAINTIFFS**
**BYRON GRANDERSON**

**V.**                              **NO. 4:19-CV-184-DMB-JMV**

**CITY OF GREENWOOD**                                     **DEFENDANT**

**ORDER**

This Fair Labor Standards Act case is before the Court for consideration of the parties' proposed settlement. Because the settlement agreements represent a fair and reasonable resolution of bona fide disputes, the settlement will be approved.

**I**
**Procedural History**

On December 17, 2019, Edgar Gibson filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Greenwood alleging violations of the Fair Labor Standards Act ("FLSA") and the "Portal to Portal Act." Doc. #1. With the Court's leave, an amended complaint[1] was filed on May 8, 2020, adding Byron Granderson as a plaintiff. Doc. #14. A summons to the City was returned as executed on July 20, 2020. Doc. #20. On the plaintiffs' motion, the Clerk of Court entered a default against the City on August 13, 2020.[2] Docs. #22, #23. The City answered the amended complaint on September 2, 2020. Doc. #24.

After the Court denied the plaintiffs' motion for summary judgment without prejudice,[3] the parties advised the Court by e-mail on May 23, 2022, that they had reached a settlement of all

---

[1] Two prior amended complaints were filed on April 6 and April 7 without leave of the Court. *See* Docs. #8, #9. They were subsequently stricken by United States Magistrate Judge Jane M. Virden. Doc. #12.

[2] The docket does not reflect that the City ever moved to set aside the default.

[3] Doc. #62.

claims. Two weeks later, the parties, pursuant to Federal Rule of Civil Procedure 41, filed a stipulation of dismissal purporting to dismiss all claims against the City "with prejudice pursuant to the Release of Claims and Settlement Agreement." Doc. #66. The next day, this Court, noting that parties may not stipulate to a dismissal settling FLSA claims without court approval, directed the parties to submit the relevant settlement documents to chambers and, "if there is a bona fide dispute, show cause why the proposed resolution is fair and reasonable." Doc. #67. The parties filed a joint response to the show cause order on June 21, 2022. Doc. #69.

## II
## Analysis

"[T]o approve a settlement proposed by an employer and employees of a suit brought under the FLSA[,] … a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (citations omitted). To satisfy the bona fide dispute requirement, "some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims" beyond "the mere existence of an adversarial lawsuit" and "[t]he presence of attorneys representing FLSA … plaintiffs." *Id.* at 719–20. As to fairness and reasonableness, in FLSA collective actions, "courts look to *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), where the Fifth Circuit enumerated factors to use in determining whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure." *Brown v. 4Ever Caring, LLC*, No. 19-809, 2020 WL 4370882, at *2 (M.D. La. July 30, 2020). These factors are:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members.

*Id.* (quoting *Catherine v. SureTemps, LLC*, No. 17-7561, 2019 WL 4038604, at *3 (E.D. La. Aug.

2

27, 2019) (citing *Collins*, 568 F. Supp. 2d at 722)). While it appears the Fifth Circuit has not addressed the proper evaluation standard where, as here, the dispute involves two plaintiffs and is not a collective action on behalf of others similarly situated, the Court will use the above factors to guide its analysis "to the extent feasible." *Stephens v. Take Paws Rescue*, No. 21-1603, 2022 WL 2132286, at *2 (E.D. La. June 14, 2022).

In the joint response to the show cause order, the plaintiffs submit "they would have been able to show about sixty (60) hours of unpaid overtime for handling investigative matters outside of their normal work schedules" and the City submits "it owed no overtime pay … and that each Plaintiff had been properly compensated for all time that each was owed under the FLSA." Doc. #6 at 2. Thus, there is a bona fide dispute with respect to compensation due. Further, as each plaintiff will be compensated $3,000, which is the amount of actual and liquidated damages each could have been awarded if they were successful in proving their claims at trial, and the parties agree no attorney fees are due in the settlement, the Court concludes the settlement appears reasonable. Doc. #69 at 2. In applying the Rule 23 factors, the settlement is appropriate because (1) there is no evidence of fraud or collusion; (2) the proposed settlement matches the complexity of this FLSA action; (3) it is a relatively late stage of the proceedings and discovery has closed; (4) the probability of the plaintiffs' success is difficult to ascertain; (5) the settlement seems to cover the plaintiffs' possible recoveries; and (6) to the extent the parties have filed a stipulation of dismissal, it appears all relevant parties have approved the settlement.

Based on the parties' representations and an independent review of the settlement agreements, the Court concludes the settlement agreements represent a fair and reasonable resolution of bona fide disputes. Accordingly, the settlement is **APPROVED**, the stipulation of dismissal [66] is now deemed effective, and this case is **CLOSED**.

**SO ORDERED**, this 5th day of July, 2022.

                                                    **/s/Debra M. Brown**
                                                    **UNITED STATES DISTRICT JUDGE**